IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Michelle S. Wright,** | **Case No. 5: 24 CV 245** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Martin O'Malley,** **Commissioner of Social Security,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

## Background

*Pro se* Plaintiff Michelle S. Wright filed this *in forma pauperis* action against the Commissioner of Social Security (the "Commissioner"). For her pleading, she submitted a pre-printed form complaint entitled "Complaint for Review of a Social Security Disability or Supplemental Security Decision." (Doc. No. 1.) Although she checked boxes on the form indicating she seeks judicial review of decisions of the Commissioner regarding Supplemental Security Income, Disability, and Child Disability Benefits (*see id*. at 3, at ¶ II), her statement of claim does not pertain to or allege factual or legal errors committed by the Commissioner in connection with any social security decision or determination.

Instead, where Plaintiff was asked on her form complaint to state facts she contends the Commissioner found without support in the record, she simply lists without further explanation the following three Ohio laws: "2919.22 Child Endangerment, Interference with Custody 2919.23 Child [A]buse or Neglect 2151.27." (*Id.* at 4 at ¶ III.) And where she was asked on the form to state why she contends a decision by the Commissioner contained legal error, she sets forth only vague and

conclusory complaints about a state-court proceeding and conduct of a state-court judge. (*Id*.) Other than in its caption, Plaintiff's complaint fails to refer to the Commissioner in any way and alleges no conduct on his part.[1]

Defendant filed a Motion to Dismiss Plaintiff's Complaint (Doc. No. 10) pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the grounds that the grievances Plaintiff sets out in her pleading fail to demonstrate any plausible claim against the Commissioner over which the Court may exercise subject-matter jurisdiction and upon which she may be granted relief.

Plaintiff has not responded to the Motion or provided any further explanation as to the nature or basis for her claims.

**Standard of Review and Discussion**

Upon review, the Court will grant Defendant's unopposed Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal under Rule 12(b)(6), a complaint must present enough facts "to state a claim to relief that is plausible on its face" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). In this regard, although *pro se* pleadings generally are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), even a *pro se* complaint

---

[1] Further, although Plaintiff identifies the Commissioner as the Defendant in the caption of her complaint, she identifies two different individuals (Michelle Gonzalez and Donald E. Jefferson) as the Defendants in the body of her complaint. (*Id.* at 2, ¶ I (B).) She indicates these individuals reside in Akron, Ohio, but she provides no further allegations as to any conduct on their part, or an explanation as to whether or how they are connected to the Commissioner.

2

must set forth allegations "sufficient to state a claim to relief that is plausible on its face" in order to avoid dismissal.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard for determining a motion to dismiss under Rule 12(b)(6) applies to *pro se* complaints).

Further, federal courts are courts of limited jurisdiction, and where subject matter jurisdiction is challenged pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Nichols v. Muskingham College*, 318 F.3d 674, 677 (6th Cir. 2004).

Upon review, the Court agrees with the Commissioner that Plaintiff's complaint fails to state a plausible claim against him and fails to demonstrate a basis for an exercise of federal subject-matter jurisdiction.  As the Commissioner persuasively demonstrates in his Motion, Plaintiff has not identified any conduct on the part of the Commissioner causing her injury-in-fact, and the unclear and convoluted allegations and representations in her pleading fail to meet basic pleading requirements or state any plausible federal claim upon which she may be granted relief.  *See Lillard v. Shelby Cty. Bd. od Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief).

## Conclusion

Accordingly, for the reasons stated above and those stated by the Commissioner in his Motion to Dismiss, the Motion to Dismiss is granted and this action is dismissed.  The Court further certifies, pursuant to 28 U.S.C. § 1913(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

 *s/ Pamela A. Barker*
PAMELA A. BARKER
Date:  July 3, 2024    U. S. DISTRICT JUDGE

3